## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br>         Plaintiff, <br><br>         v. <br><br> ORACLE CORP., <br><br>         Defendant. | Case No. 1:25-cv-1601-ADA <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br>         Plaintiff, <br><br>         v. <br><br> ORACLE CORP., <br><br>         Defendant. | Case No. 1:25-cv-1651-ADA <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE AND FOR A LIMITED STAY OF FIRST-FILED CASE

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................1

II.   CONSOLIDATION IS THE MOST EFFICIENT CASE MANAGEMENT PLAN.....1

      A.    VirtaMove Does Not Dispute The Extensive Overlap Between The Cases........1

      B.    VirtaMove's Purported "Prejudice" Recites Nothing But Realities Of Any
            Case With More Than One Patent ....................................................................2

      C.    There Is Risk Of Inconsistent Verdicts .............................................................3

      D.    The Cases' Procedural Stages Should Not Weigh Against Consolidation .........4

III.  A LIMITED STAY WILL NOT PREJUDICE VIRTAMOVE ...................................4

      A.    A Limited Stay Will Not Prejudice VirtaMove .................................................4

      B.    A Limited Stay Will Conserve Judicial Resources............................................5

      C.    The Stage Of *VM 1* Does Not Weigh Against A Stay ........................................5

IV.   CONCLUSION.............................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Leviton Mfg. Co., Inc. v. Nicor, Inc.*,
   2007 WL 505784 (D.N.M Jan. 8, 2007) ...................................................................................3

*RTIC Drinkware, LLC v. YETI Coolers, LLC*,
   2017 WL 5244173 (W.D. Tex. Jan. 18, 2017) ....................................................................3, 4

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
   2022 WL 2307475 (W.D. Tex. June 27, 2022) ........................................................................5

*VirtaMove, Corp. v. Google LLC*,
   No. 7:25-cv-00347-DC-DTG, Dkt. 15..................................................................................1, 2

## I.     <u>INTRODUCTION</u>

VirtaMove, Corp.'s ("VM's") Opposition is largely premised on the assertion that ordering a plaintiff to litigate two patents in one case instead of two would force the plaintiff to relinquish its constitutional rights. *VM 1*, Dkt. 68; *VM 2*, Dkt. 22 ("Opp.") at 1, 4. That is just not so. Courts and parties litigate multi-patent cases through trial all the time. In fact, VM itself started its litigation campaign against Oracle and five others with two-patent cases, filing *VM 2* only after dismissing a patent from *VM 1*. Stripped of this premise, VM's other arguments fall away. The most efficient plan to manage these two highly related cases is to consolidate and stay *VM 1* briefly so they can proceed together through fact and expert discovery, summary judgment, and trial.

## II.     <u>CONSOLIDATION IS THE MOST EFFICIENT CASE MANAGEMENT PLAN</u>

VM concedes that the first two factors support a stay (same parties and same court). Opp. at 7. On the others, VM offers nothing to tip the balance against consolidation.

### A.     **VirtaMove Does Not Dispute The Extensive Overlap Between The Cases**

VM's Opposition does not dispute, and thus concedes, that the two cases overlap in material ways: related patents with overlapping specifications are asserted against nearly identical sets of accused products. *VM 1*, Dkt. 67; *VM 2*, Dkt. 18 ("Mot.") at 2-5 (detailing the significant overlap).

In challenging the extent of overlap, VM points out that there are some differences between the two patent specifications. Opp. at 2. But in doing so, it ignores that the '762 patent explicitly "incorporated herein by reference for all purposes" the application leading to the '814 patent. *VM 2*, Dkt. 1-1 ('762 patent) at 1:18-24. Thus, the '762 patent includes ***all*** of the specification of the '814 patent. And VM itself has relied on this incorporation to support the patent-eligibility of the '762 patent in its co-pending case filed against Google. Ex. 1 (*VirtaMove, Corp. v. Google*

- 1 -

*LLC*, No. 7:25-cv-00347-DC-DTG, Dkt. 15) at 6-7, 15.[1]  For example, VM argues that in the '762

patent "'[c]apsule' is used in a potentially similar sense to the word 'container' that appears in

the '814 Patent specification, which is incorporated by reference into the '762 Patent specification."

*Id*. at 15.  VM thus confirms that the file history of the '814 patent will be relevant in litigating

the '762 patent, reinforcing Oracle's argument that there will be significant overlap.  Mot. at 2-4.

> VM's observation that "[t]he patents have different claims" simply states what is true of

every patent.  Opp. at 2.  And, of course, "each patent would require distinct proof of Oracle's

infringement" (*id*. at 4)—that is how infringement is adjudicated.  VM's observations do not rebut

the extensive overlap between the patents.

## B.    VirtaMove's Purported "Prejudice" Recites Nothing But Realities Of Any Case With More Than One Patent

> VM makes much ado about the prejudice it will purportedly suffer in litigating two patents

in the same case instead of one.  But by VM's logic, *any* case involving more than one patent

would force a litigant to "relinquish constitutionally protected patents rights."  Opp. at 1, 4-5.  This

is nonsense.  VM itself originally asserted two patents against Oracle in *VM 1*, mirroring five other

lawsuits asserting the same two patents, and it only dropped the '058 patent after an adverse

indefiniteness ruling in a different case.  Mot. at 2.  And unlike the '762 patent, the originally-

asserted '058 patent was not even related to the '814 patent.  *Compare VM 1*, Dkt. 1-1 *with* 1-3.

> VM's claim that litigating two related patents will negatively impact discovery and trial

and confuse a jury is contradicted by the fact that multi-patent cases proceed through trial all the

---

[1] VM's table with claim language (Opp. at 2-3) is unavailing.  Both claims target the same core problem: enabling an application to execute on a non-native host—the "disparate computing environments" in claim 1 of the '814 patent and the "incompatible computer platform" in claim 17 of the '762 patent—by supplying an application-specific set of operating-system files and mediating OS interactions, rather than replacing the host kernel.  Both claims describe a kernel and using a set/group of system files "in place of the associated local system files."

time.  Over the past five years, Docket Navigator indicates that twenty-nine of the patent cases tried to verdict by this Court (nearly two-thirds) have involved two or more patents. Ex. 2.

To the extent VM is concerned about the costs associated with litigation, consolidation will save VM resources by requiring only one trial instead of two; by avoiding two pretrial conferences and two rounds of summary judgment and *Daubert* hearings; and by reducing duplicative discovery.  VM does not dispute this.  And VM fails to explain how prosecuting two separate cases staggered by eight months would result in any cost or time savings.[2]  For these reasons, VM's assertion that there will be no time or cost savings because Oracle proposes a limited stay (Opp. at 9–10) is not only overly simplistic but counterfactual.

Finally, VM's suggestion that consolidation will be prejudicial because it "gets bullied by the dominant industry giant Oracle every day" (Opp. at 5) must be ignored.  It is nothing but attorney hyperbole with no evidentiary support.

### C.    There Is Risk Of Inconsistent Verdicts

VM relies on *RTIC Drinkware, LLC v. YETI Coolers, LLC*, 2017 WL 5244173 (W.D. Tex. Jan. 18, 2017), to argue that there is no risk of inconsistent verdicts.  VM's reliance is not only misplaced, but *RTIC*—which considered a motion to consolidate four separate cases—supports consolidation here.  VM overlooks that the court agreed that "two cases are properly consolidated, as they involve the same set of drinkware products." *Id*. *1.  With respect to the other two cases, the court found that "underlying each claim is a distinct intellectual property right involving a different type of product"—for example, one involved an "intellectual property right in the design and appearance of [] soft-sided coolers" and the other involved "the design and appearance of []

---

[2] In *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 2007 WL 505784 (D.N.M Jan. 8, 2007), cited by VM (Opp. at 7), the first case had been pending for three years, discovery had closed over a year prior, and the two cases did not have fully overlapping parties.  Such is not the case here.  Mot. at 2-4.

bottles," which "have no relation" to one another. *Id.* at *2. Here, the cases involve the same intellectual property right (utility patent) and nearly identical sets of accused products.

Though VM argues that juries deliver verdicts on claims, not "sub-elements of claims," juries must consider whether the accused product includes "each and every" claim element. *See, e.g.*, AIPLA Model Patent Jury Instructions (2024) No. 3.1. Trying the cases separately risks inconsistent verdicts based on evaluation of overlapping claim elements. *See* Mot. at 2-4.

### D.    The Cases' Procedural Stages Should Not Weigh Against Consolidation

VM's delay in asserting the '762 patent is no reason to deny consolidation. Mot. at 7.

## III.    A LIMITED STAY WILL NOT PREJUDICE VIRTAMOVE

### A.    A Limited Stay Will Not Prejudice VirtaMove

VM's arguments regarding prejudice fail for the reasons discussed in Section II(B) above.[3] Its additional arguments about harm due to delay likewise ring hollow. The '762 patent issued on August 10, 2010 (*VM 2*, Dkt. 1-1), and VM's infringement theories focus on open-source Docker and Kubernetes technology that has been around for more than a decade (Mot. at 2; *VM 1*, Dkt. 25). VM has been in no hurry for the fifteen years since the '762 patent issued.

Moreover, VM's own conduct in litigating its infringement cases demonstrates it could have asserted the '762 patent against Oracle significantly earlier but simply chose not to. VM filed cases asserting the '762 patent against Microsoft and IBM months ago. *See* Mot. at 3-4. And while VM claims it delayed eight months between filing *VM 1* and *VM 2* despite the relatedness (and knowledge) of both patents as a cost saving measure, running two separate cases instead of one is

---

[3] VM's hearsay assertions regarding whether Oracle's founder will suffer prejudice (Opp. at 8) are not relevant. The factors evaluated when considering a stay do *not* include hardship to a principle.

not more cost-efficient.[4] Additionally, the fact that Mr. Colford is *already* unavailable has no impact on the analysis here, and VM's unsupported statement that "similar developments may affect other witnesses" is mere speculation. Opp. at 9. VM cannot show prejudice.

### B. A Limited Stay Will Conserve Judicial Resources

VM's arguments with respect to judicial resources ignore, at a minimum, that one trial is less onerous than two, that one summary judgment hearing is less onerous than two, and that one round of fact and expert depositions is less onerous than two. A limited stay to coordinate the two cases promotes efficiency at every subsequent stage.[5]

### C. The Stage Of *VM 1* Does Not Weigh Against A Stay

This factor weighs against a stay when "protracted and expansive discovery has already occurred, or the court has expended significant resources," Opp. at 9, but such is not the case here. Fact discovery only recently opened in *VM 1*: Oracle's responses to VM's first sets of discovery are due November 20, and Oracle has not yet served discovery on VM. Moreover, Oracle proposes only a limited stay to coordinate related cases. By contrast, in the case VM cites, the defendants sought a stay pending resolution of *inter partes* review, the timing of which was outside of the parties' and the Court's control. *Sonrai Memory Ltd. v. LG Elecs. Inc.*, 2022 WL 2307475, at *2 (W.D. Tex. June 27, 2022) (finding diminished risk of prejudice where "the requested stay is of a brief and definite duration"). Here, the stay would be brief, and the cases overlap.

## IV. CONCLUSION

Oracle respectfully requests consolidation and a limited stay of *VM 1*.

---

[4] The stay need not be eight months. Oracle is open to conferring about tightening the *VM 2* schedule.

[5] VM's aside that Oracle should stipulate that a jury finding of infringement as to one patent results in "automatic infringement" of the second is nonsensical. Infringement is determined claim-by-claim, whether tried in one case or two.

Dated: November  13, 2025                    Respectfully submitted,

                                             /s/ Jared Bobrow
                                             Jared Bobrow (admitted *pro hac vice*)
                                             CA Bar No. 133712
                                             jbobrow@orrick.com
                                             Bas de Blank (admitted *pro hac vice*)
                                             CA Bar No. 191487
                                             basdeblank@orrick.com
                                             Diana Rutowski (admitted *pro hac vice*)
                                             CA Bar No. 233878
                                             drutowski@orrick.com
                                             Parth Sagdeo (admitted pro hac vice)
                                             CA Bar No. 325269)
                                             psagdeo@orrick.com
                                             **Orrick, Herrington & Sutcliffe LLP**
                                             1000 Marsh Road
                                             Menlo Park, CA  94025
                                             Tel: (650) 614-7400
                                             Fax: (650) 614-7401

                                             Shane D. Anderson (admitted *pro hac vice*)
                                             CA Bar No. 313145
                                             sdanderson@orrick.com
                                             **Orrick, Herrington & Sutcliffe LLP**
                                             355 S. Grand Ave., Ste. 2700
                                             Los Angeles, CA 90071
                                             Tel: 213-612-2377
                                             Fax: 213-612-2499

                                             Darryl J. Adams
                                             **Slayden Grubert Beard**
                                             401 Congress Avenue, Suite 1650
                                             Austin, Texas 78701
                                             Tel:  512-402-3550

                                             *Attorneys for Defendant Oracle Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 13, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Jared Bobrow*
Jared Bobrow